UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A MARIE WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SOFIE LIU,<br><br>    Defendant. | Case No. 19-cv-04226-PJH<br><br>**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 13 |

    Defendant Sofie Liu's ("defendant") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) (the "motion") came on hearing before this court on September 25, 2019. Plaintiff appeared on her own behalf. Defendant appeared through her counsel, John S. Richards. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion for the following reasons.

## BACKGROUND

    Plaintiff filed her form complaint for a civil case on July 23, 2019. Dkt. 1 ("Compl."). In it, plaintiff generally alleges claims under Title 42 U.S.C. §§ 3601-3619, 3631 (the "Federal Fair Housing Act" or the "FHA") and California Civil Code § 1942.5. Compl. ¶ II.A. To support such claims, plaintiff specifically alleges only that "the constant harassment and retaliation by my landlord has [sic] my living conditions to be uninhabitable." Id. ¶ III (emphasis added). In her complaint's civil cover sheet, plaintiff notes "racial discrimination and retaliation" as a brief description of its cause of action. Dkt. 1-1 ¶ VI. The complaint does not include any allegations of specific acts of

discrimination or retaliation by defendant or any additional allegations of such conduct generally.

However, in her July 23, 2019 motion for preliminary injunction, plaintiff does detail a specific incident of race-based discrimination. In particular, plaintiff describes a situation on April 13, 2019 where defendant's boyfriend, during a visit with defendant at the subject premises, stated to a third-party property manager ("Mr. Wong") the following:

- He does not like "to do business with black folks." Dkt. 3 at 8.
- "I know these kinds of black folks that's what they do . . . if you don't think they staged the house because we are coming and look at the make shift repairs on the garage." Id.

Plaintiff then adds that, immediately after defendant's boyfriend made these statements, he "stated to Mr. Wong you need to issue a three day notice to pay or quit . . . go now and tell them . . . if you need to, we will go with you." Id. Plaintiff further adds that, on May 7, 2019, she received a phone call from defendant's boyfriend threatening to terminate her lease. Id. at 9. Plaintiff adds that she received a similar phone call on May 8, 2019 and, on that same day, plaintiff sent defendant an email stating that she overheard defendant's conversation with her boyfriend and she did not appreciate the racial slur. Id.

Plaintiff states that, on May 9, 2019, she received eviction-related papers, including a 60-day notice to end tenancy. Id. at 9, Ex. K. Plaintiff states that such notice "is clearly a retaliation from the email that I sent [defendant] on Wednesday, May 8, 2019 that I overheard Jeff's [boyfriend] conversation with the racial slur and defamation of my character. This is arbitrarily discriminating against my husband and me." Id. at 9.

Plaintiff adds that, on May 11, 2019, she received another phone call from defendant's boyfriend threatening to evict her. Id. Plaintiff adds that she received a similar call from defendant's boyfriend again on June 20, 2019. Id. at 11. Plaintiff adds that she and her husband received three additional calls from defendant's boyfriend on July 16, 2019 and July 18, 2019. Id.

## DISCUSSION

### A. Legal Standard

A federal court may dismiss an action under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction. Fed. R. Pro. 12(b)(1). Rule 12(h)(3) similarly provides that a court "must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction." Id. 12(h)(3). Because "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears," the burden to prove its existence "rests on the party asserting federal subject matter jurisdiction." Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc., 2003 WL 22862662, at *3 (N.D. Cal. Nov. 26, 2003).

A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). When the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction. Id. Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." Id.

When resolving a factual dispute about its federal subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction"). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. The Ninth Circuit has noted that "jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in Bell v. Hood, 327 U.S. 678 (1946) . . . In Bell, the Supreme Court determined that jurisdictional dismissals are warranted 'where the alleged claim under the constitution or

1 federal statutes clearly appears to be immaterial and made solely for the purpose of
2 obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'"
3 Safe Air for Everyone, 373 F.3d at 1039.

**B. Analysis**

As a threshold matter, the court finds that plaintiff has proffered sufficient facts to establish federal subject matter jurisdiction. Plaintiff brings claims against defendant for violation of Title 42 U.S.C. §§ 3601-3619, 3631. Section 3604 provides the following in relevant part:

> "As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful--
>
> . . .
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."

42 U.S.C. § 3604(b).

Here, plaintiff testified to experiencing a specific incident of racially disparaging comments by defendant's boyfriend, Dkt. 3 at 8, and that, shortly after such comments, she received a 60-day notice to end her tenancy from a purported agent of defendant, id. 3, Ex. L, as well as various follow-up calls threatening eviction, id. at 8-11. These facts—which defendant fails to dispute—demonstrate that plaintiff's assertion of her FHA Section 3604 claim is not frivolous. As a result, this court maintains subject matter jurisdiction over this action.

Defendant's jurisdictional challenge does not change this conclusion. Defendant argues that the FHA's exemption for certain landlords of single-family homes (42 U.S.C. § 3603(b)(1)) eliminates this court's federal subject matter jurisdiction over plaintiff's FHA claim. That argument is mistaken.

"[C]ourts have consistently characterized exemptions to the FHA as affirmative defenses." United States v. Space Hunters, Inc., 429 F.3d 416, 425 (2d Cir. 2005); Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc., 3 F.3d 1472, 1474, 1476 n. 6 (11th

Cir. 1993) (the "housing for older persons" exemption qualified as an affirmative defense); Hooker v. Weathers, 990 F.2d 913, 916 (6th Cir. 1993) (same); United States v. Columbus Country Club, 915 F.2d 877, 882-85 (3d Cir. 1990) (the "religious organization" and "private club" exemptions qualified as affirmative defenses); Ho v. Donovan, 569 F.3d 677, 682 (7th Cir. 2009) ("Section 3603(b) is captioned 'Exemptions,' which makes it an affirmative defense . . . That § 3603(b)(1) requires facts outside the pleadings, facts likely in the possession of the respondent rather than the agency, also shows why it is best treated as an affirmative defense"). Given such characterization, exemptions under the FHA do not limit an otherwise proper exercise of federal subject matter jurisdiction. United States v. Space Hunters, Inc., 429 F.3d 416, 425 (2d Cir. 2005) ("Defendants, and the district court, regard this exemption as a limitation on subject matter jurisdiction. We conclude that it is an affirmative defense having no bearing on jurisdiction").

Here, defendant failed to identify any authority or reason to support a construction of Section 3603(b)(1) as anything other than an affirmative defense. Because Section 3603(b)(1) is an exemption under the FHA, it has "no bearing" on this court's jurisdiction.

In any event, defendant faces questions about the applicability of Section 3603(b)(1) in the first instance. That section provides the following in relevant part:

> "**(b) Exemptions**
>
> Nothing in section 3604 of this title (other than subsection (c)) shall apply to--
>
> (1) any single-family house sold or rented by an owner: *Provided*, That such private individual owner does not own more than three such single-family houses at any one time: . . . ***Provided further***, That after December 31, 1969, the sale or rental of any such single-family house shall be excepted from the application of this subchapter **only if** such house is sold or rented (A) **without the use in any manner of** the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities **or services of any person in the business of selling or renting dwellings** . . ."

42 U.S.C § 3603(b)(1) (bold added) (italics in the original).

In her affidavit in support of her motion for preliminary injunction, plaintiff

5

repeatedly identifies a property manager by the name of Mr. Wong. Dkt. 3 at 7. Indeed, as an attachment to her affidavit, plaintiff even attached a letter from Mr. Wong that included a letterhead describing his role as a "property manager." Id., Ex. A. Defendant failed to offer any evidence disputing Mr. Wong's apparent role in managing the property, much less any evidence generally showing that the property did not "use in any manner . . . [the] services of any person in the business of selling or renting dwellings." 42 U.S.C § 3603(b)(1). As a result, even if the court were to qualify the Section 3603(b)(1) exemption as a potential limitation on its federal subject matter jurisdiction, defendant has failed to show that such exemption would apply here in the first instance. See 42 U.S.C. § 3603(c) (defining a person "deemed to be in the business of selling or renting dwellings"). As a result, the court maintains its subject matter jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, the court DENIES defendant's motion to dismiss. If defendant files a motion for summary judgment before the parties' November 14, 2019 case management conference, the court may vacate such conference.

**IT IS SO ORDERED.**

Dated: October 28, 2019

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge